Ballstaedt Law Firm, LLC dba Fair Fee Legal Services
Seth D. Ballstaedt, Esq. Bar # 11516
8751 W Charleston Blvd #220
Las Vegas, NV 89117
(702) 715-0000
help@bkvegas.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

FILIPINOFLASH, LLC

Debtor.

Case No. 22-11201-mkn
Chapter: 11 Subchapter V

Date: June 1st, 2022
Time: 9:30 AM

**RESPONSE RE: ORDER TO SHOW CAUSE**

FILIPINOFLASH, LLC (hereinafter referred to as "Debtor") by and through attorney Seth D. Ballstaedt, Esq. hereby submits the following response to this court's Order to Show Cause arguing that the case should be allowed to proceed under chapter 11, and in the alternative, that the case should be dismissed as opposed to converted to chapter 7.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Facts**

1. Debtor commenced this case on April 5th, 2022 by filing a voluntary petition for relief under chapter 11, subchapter V. See ECF No. 1.

2. Prior to the filing of the instant case, Debtor filed a prior case on 4/09/2021 under chapter 7 in the Southern District of California, Case no 21-01411. ("prior case")

3. Unlike a typical bad faith filing with no other purpose than stalling a pending foreclosure sale, in its prior case Debtor agreed by stipulation for dismissal of the prior case and paid $174,646.73 to the estate. See Stipulated Order attached hereto as Exhibit A.

4. The chapter 7 Trustee of the prior case, Ronald E. Stadtmueller, filed a declaration stating, "I collected $174,646.73 in prosecution of my duties as trustee in this matter . . . [a]ll payments are required by said Order have been made and all conditions have been met." See Trustee's Declaration attached hereto as Exhibit B.

1

5. In the instant case, Debtor's voluntary petition did not designate its business as "single asset real estate" because the property owned by Debtor located at 3730 Topaz St., Las Vegas, NV 89121 is residential real estate with fewer than 4 residential units. Thus the "single asset real estate" designation is inapplicable by definition under §101(51B) which explicitly excludes real estate "with fewer than 4 residential units."

6. The Trustee correctly mentions in his response that the instant case small business designation is at odds with the "single asset real estate" designation in the prior Chapter 7 case filed in the Southern District of California (Case No. 21-01411). Such a discrepancy can be understood as the difference between a reasonable layman's understanding of the phrase "single asset real estate" and a strict statutory definition offered under §101(51B).

7. While Debtor disputes the validity of the lien claimed by Allrise, nevertheless Debtor seeks to restructure the terms of the loan through the instant bankruptcy case. See Declaration of Laura Ohman attached hereto as Exhibit C.

## II. Argument Against Dismissal

### 1. Two-party Disputes and Bad Faith Factors

Petitions in bankruptcy arising out of a two-party dispute do not per se constitute a bad-faith filing by the debtors. *In re Stolrow's, Inc.*, 84 B.R. 167, 171 (B.A.P. 9th Cir. 1988). The factors that the *Stolrow* court established to evaluate good faith are:

(1) the Debtor has only one asset

(2) The secured creditors' lien encumbers that asset

(3) There are generally no employees except for the principals.

(4) There is little or no cash flow, and no available source of income to sustain a plan of reorganization or to make adequate protection payments

(5) There are few, if any, unsecured creditors whose claims are relatively small.

(6) There are allegations of wrongdoing by the debtor or its principals.

(7) The Debtor is afflicted with the "new debtor syndrome" in which a one-asset equity

has been created or revitalized on the eve of a foreclosure to isolate the insolvent property and its creditors

(8) Bankruptcy offers the only possibility of forestalling loss of the property. *In re Stolrow's, Inc.*, 84 B.R. 167, 171 (B.A.P. 9th Cir. 1988).

Admittedly, factors 1, 2, 3 & 5 do apply here. However, on balance, Debtor can show that the bankruptcy has a legitimate purpose and was not filed in bad faith by evaluating factors 4 (cash flow), 6 (allegations of wrongdoing), 7 (new debtor syndrome) & 8 (no other possibility of forestalling loss). In addition to this, Debtor has a legitimate purpose for proposing a bankruptcy plan to restructure its creditors lien, and the creditor is oversecured such that a delay of foreclosure or a bankruptcy itself cannot be considered an abuse to this creditor.

### Sufficient Cash Flow & Cash Flow Model

The Debtor business is run by principals, Laura Ohman and Matt Lotze, who have extensive experience and expertise in generating revenue from properties such as the one owned by the Debtor. See Exhibit C, Declaration of Laura Ohman. They have owned over 35 properties in Big Bear Lake, CA with nearly the same business model as the Debtor business model. *Id.* That is to say, revenue from use of a unique property with large square footage for short term rental for special events such as corporate events, tradeshows, weddings, and training camps. *Id.*

Debtors principals prepared cash flow projections on May 3rd, prior to this court's Order to Show Cause, projecting over $180,000 annualized revenue. See Exhibit D, Cash Flow Projections. Debtor's filed schedules shows revenue of $100,000 for tax year 2020 and $22,500 in YTD revenue for 2022. See ECF No 26 at p. 11.

### No Wrongdoing of Debtor or Debtor's Principals

In attempting to establish no wrongdoing by Debtor or its principals, one must attempt to prove a negative. However, one may note that the docket report of Debtor's prior case, and the instant case, offer no evidence of wrongdoing by Debtor or Debtor's principals.

### Debtor Does Not Suffer From "New Debtor Syndrome"

Debtor was created in 2009 and has operated in substantially the same manner ever since then. The Debtor is not "new" and was not revitalized for the special purpose of filing the bankruptcy.

*Debtor Has Other Possible Options to Forestall Loss of the Property*

In this particular case, Debtor disputes the validity of the loan and accompanying lien held by Allrise, its single creditor, as indicated in its schedules. Id. at p. 7, note Allrise is marked as "disputed." As such, Debtor has filed a quiet title action against Allrise and can and will seek a protective order if it becomes necessary. See Complaint against Allrise attached hereto as Exhibit E.

**2. Other Factors**

*A Restructure of the Creditor's Lien Through a Bankruptcy Plan is a Legitimate Bankruptcy Purpose and Exclusive to Bankruptcy*

As articulated by the Ninth Circuit, when assessing a debtor's good faith the bankruptcy court should examine the debtor's financial status and motives. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 605 (B.A.P. 9th Cir. 2014). A legitimate purpose of bankruptcy, one which cannot be obtained through any other manner, is a restructure of secured lien. This is the essence of this case. To dismiss this case because it is a two-party dispute would foreclose Debtor's opportunity which cannot be afforded in any other court which is to restructure the lien payments, amortization and interest rate pursuant to bankruptcy rules which pertain to all confirmed plans.

*The Creditor is Oversecured*

Pursuant to the filed schedules, the property is worth $3.2 million and the creditors claim is $2.1 million. See ECF No. 26 at p. 7. Thus, creditors claim is oversecured by more than $1 million. As a result, if the creditor's lien is valid, it is difficult to imagine a scenario where the creditor isn't paid every penny of its claim regardless of whether this bankruptcy case moves forward or is dismissed. With that in mind, it would not be fair to call this bankruptcy filing and abuse in the sense where the filing is bad faith or where a creditor is unfairly harmed by the filing.

### III. Alternatively, The Case Should be Dismissed, Not Converted

11 USC § 1112(b)(1) states, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate."

As stated, *supra,* Debtor's only creditor is oversecured by over $1 million (assuming their lien is valid). It is difficult to imagine any scenario, regardless of whether this case continues under chapter 11, or is converted or dismissed, where this creditor does not receive every penny of its claim. However, the creditor is more likely to collect the full amount of its claim if priority administrative claims do not offset its proceeds such as could be the case in a hypothetical chapter 7 liquidation of the property. Thus dismissal, as opposed to conversion, is in the best interest of creditors.

As for the estate, it has the most value as a going concern. Conversion to chapter 7 and a liquidation of the real estate would end its going concern value. Thus dismissal, as opposed to conversion, is in the best interest of the estate.

### Conclusion

WHEREFORE, Debtor hereby requests that this Honorable Court allow the instant case to proceed under chapter 11 for the reasons stated herein. In the alternative, if this court determines that the case should be dismissed or converted, Debtor suggests that it is in the best interest of creditors and the estate that the case be dismissed.

Dated 5/31/2022

/s/ Seth D Ballstaedt, Esq.
Seth D Ballstaedt, Esq.
*Attorney for Debtor(s)*

5